SO ORDERED: November 01, 2011.



_____
**Frank J. Otte
United States Bankruptcy Judge**


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BRADLEY STEPHEN STEIMEL | ) |
| TINA LOUISE STEIMEL | ) CASE NO. 10-15217-FJO-13 |
| | ) |
| Debtors | ) |
| _____ | ) |
| BRADLEY STEPHEN STEIMEL | ) |
| TINA LOUISE STEIMEL | ) |
| | ) |
| Plaintiffs | ) |
| | ) AP NO. 11-50031 |
| METLIFE HOME LOANS, A DIVISION | ) |
| OF METLIFE, N.A. | ) |
| | ) |
| Defendant | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court upon the filing by Defendant, MetLife Home Loans, A Division of MetLife, N.A of its Motion for Summary Judgment and supporting documents and the Plaintiffs' response filed thereto. The Court, having reviewed the Motion and Objection and having heard oral argument on the same now enters the following Findings of Fact and

Conclusions of Law and Order as to Metlife's Motion for Summary Judgment.

**Findings of Fact**

1. Bradley Stephen Steimel and Tina Louise Steimel (the Steimels) own real property located at 3101 W. 1100 N, Knightstown, Indiana (the Property) and more particularly described as follows:

A part of the Northeast Quarter of Section 10, Township 15 North, Range 9 East, in Center Township, Rush county, Indiana, more particularly described as follows, to-wit:

Commencing at the Harrison marker at the Northeast corner of said Quarter Section, thence on an assumed bearing of South 89 degrees 05 minutes 30 seconds West a distance of 444.25 along the North line of said Quarter Section to a railroad spike at the point of beginning of this description; thence South 89 degrees 05 minutes 30 seconds West a distance of 276.40 feet along the North line of said Quarter section to a railroad spike, thence South 00 degrees 00 minutes 00 seconds East (parallel with the East line of said Quarter Section) a distance of 270.00 feet to a 5/8 inch rebar, thence North 89 degrees 05 minutes 30 seconds East a distance of 376.40 feet to a 5/8 inch rebar; thence North 00 degrees 00 minutes 00 seconds West a distance of 270.00 feet 00 degrees 00 minutes 00 seconds West a distance of 270.00 feet to a point of beginning, containing 1.713 acres, more or less.

2. The closing for the purchase of the Property took place on April 13, 2006. The purchase price of the property was $130,000.00. The Steimels contributed a $4,000 earnest money deposit and paid an additional $5,156.63 at closing. The remainder of the purchase price came from a $104,000.00 loan and a Home Equity Line of Credit draw of $19,500 from First Horizon Home Loan Corporation.

3. After the closing, the title agent sent additional documents to the Steimels to be signed and returned. The Steimels signed the documents and returned them to the title agent. Tina Steimel does not remember what documents she signed at closing and what documents she signed and returned after the closing. Tina Steimel admitted it was possible she signed the note and mortgage for the $104,000.00 loan from First Horizon, but just does not remember doing so.

4. Following the closing, a Corporate Special Warranty Deed transferring the Property to the

Steimels was recorded by the Rush County Recorder on April 20, 2006 as Instrument No. 200600001160. The Recorder also recorded the Home Equity Line of Credit (entitled "Indiana Open-End Mortgage") between the Steimels and First Horizon as Instrument No. 200600001161 on the same day.

5. On August 20, 2010, most of the Mortgage securing the $104,000.00 loan between the Steimels and First Horizon was recorded on August 20, 2010 as Instrument No. 201000001801. This recorded mortgage has the same legal description for the Property, is for $104,000.00, and contains an acknowledgment page where Desiree Arenas acknowledged the signatures of the Steimels.

6. The Steimels made mortgage payments to First Horizon on the $104,000.00 loan every month be either check or automatic withdrawal from 2006 through August 2010.

7. The $104,000.00 mortgage to First Horizon was assigned to MetLife by virtue of an assignment. MetLife has provided a copy of the full $104,000.00 mortgage it has in its possession as an exhibit to its Answer and Proof of Claim.

## Conclusions of Law

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334. Venue is proper pursuant to 28 U.S.C. §1409. This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(B) and (b)(2)(K) in that it is an action to determine the nature, extent, and validity of a lien on property. This is a core proceeding pursuant to 28 U.S.C. §157(b), and jurisdiction exists pursuant to 11 U.S.C. §502(a) and (b), 28 U.S.C. § 157(b), 28 U.S.C. §1334, 28 U.S.C. §2201 for declaratory relief.

2. Due to Indiana having the most intimate contacts with the matters at issue, Indiana law

applies. See, Eby v. York-Division, Borg-Warner, 455 N.E.2d 623, 626 (Ind. Ct. App. 1983); Suyemasa v. Myers, 420 N.E.2d 1334, 1344 (Ind. Ct. App. 1981); Dohm & Nelke v. Wilson Foods Corp., 531 N.E.2d 512, 513 (Ind. Ct. App. 1988).

3. The $104,000.00 First Horizon Home Loan Mortgage designated by MetLife was dated, signed, sealed and acknowledged in accordance with Indiana Code Section 32-29-1-5.

4. The Steimels have not presented any conclusive evidence to rebut the presumption a notarial seal provides MetLife. Per Indiana Code Section 33-42-2-6, "[t]he official certificate of a notary public, attested by the notary's seal, is presumptive evidence of the facts stated in cases where, by law, the notary public is authorized to certify facts." The presumption means that a "finder of fact would be required to find the presumed fact once the basic fact is established, unless the opponent of the presumption persuaded the fact finder of the nonexistence of the presumed fact." See Bonilla v. Commercial Services of Perry, Inc., 900 N.e.2d 22, 27 (Ind. Ct. App. 2009)(citing Schultz v. Ford Motor Co., 857 N.E.2d 977, 982-83 (Ind. 2006). Mrs. Steimel admitted in her deposition she cannot remember exactly what documents she signed and it is possible she signed the note and mortgage at issue, but just cannot remember doing so. Even if this Court considers her post-deposition affidavit, these statements show the presumption of the notarial seal cannot be overcome by the Steimels.

5. Even if this Court were to find the acknowledgment defective, it has been longstanding law in the State of Indiana that a signed mortgage is valid between the parties. See Perdue v. Aldridge, 19 Ind. 290 (1862); Kirkpatrick v. Caldwells Admir's, 32 Ind. 299 (1869); Spaegal v. Krag-Reynolds Co., 51 N.E. 959 (Ind. Ct. App. 1898); Blair v. Whitaker, 69 N.E. 182 (Ind. Ct. App. 1903); Cypress Creek Coal co. v. Boonville Mining Co., 142 N.E. 645 (Ind. 1924). Only subsequent purchasers for value can take advantage of defects in acknowledgments, see

Westhafer v. Patterson, 22 N.E.2d 414 (Ind. 1889), and the Steimels are not subsequent purchasers for value. The $104,000.00 mortgage between First Horizon and the Steimels is valid between them regardless of any argument the acknowledgment is defective.

6 . Lastly, the Steimels are estopped from arguing the $104,000.00 mortgage is invalid because they cannot accept the benefits under transactions or instruments and then repudiate their obligations. See Mitchell v. Universal Solutions of North Carolina, Inc., 853 N.E.2d 953 (Ind. Ct. App. 2006). See also, Matter of City of Fort Wayne, 381 N.e.2d 1093 (Ind. Ct. App. 1978); Travelers' Ins. Co. v. Patten, 20 N.E. 790 (Ind. 1889). The majority of the purchase price for the Property came from the $104,000.00 mortgage from First Horizon, and the Steimels have made mortgage payments on this loan from 2006 until August 2010. It would be unjust to allow the Steimels to retain the benefits of this note and mortgage and repudiate their obligations under the same given that they signed this mortgage five (5) years ago and made four (4) years of timely payments.

7 . MetLife Home Loans, a division of MetLife, N.A. holds the $104,000.00 mortgage originally granted to First Horizon based on the designated Assignment of Real Estate Mortgage.

8. MetLife's mortgage is secured and valid for the reasons set forth above.

9.  This Court will make a separate entry wherein it will grant summary judgment in favor of Defendant, MetLife .

###